87 F.3d 1322
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
SANTA ANA CITY EMPLOYEES ASSOCIATION, a non-profit
corporation, and Barbara Lambert, an individual,
Plaintiffs and Appellees,
v.
CITY OF SANTA ANA, Robert Richard, Library Department
Director, and David Ream, City Manager, Defendants
and Appellants.
 No. 94-56597.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 10, 1996.
Decided June 5, 1996.
 
 1
 Before: HAWKINS and GOODWIN, Circuit Judges, and MARQUEZ,[1] District Judge.
 
 MEMORANDUM[2]
 
 2
 Defendants/Appellants, the City of Santa Ana, City Library Department Director Robert Richard, and City Manager David Ream appeal the district court's post-judgment order awarding city employee Barbara Lambert and her union, the Santa Ana City Employees Association ("SACEA"), attorney's fees, pursuant to 42 U.S.C. § 1988 following the district court's judgment in favor of Lambert and SACEA in their 42 U.S.C. § 1983 action. We have jurisdiction and, for the reasons within, affirm.
 
 BACKGROUND
 
 3
 SACEA is the exclusive bargaining representative for all non-supervisory, non-professional employees of the Defendant City of Santa Ana ("City"), including all non-supervisory library employees.
 
 
 4
 Plaintiff Barbara Lambert ("Lambert") has been an employee of the City since 1966 and is the director of SACEA. At all times relevant hereto, Lambert was employed in the library department, and Defendant Robert Richard ("Richard") has been employed by the City as the Library Director.
 
 
 5
 Defendant David Ream ("Ream") is employed by the City as City Manager. This appeal arises out of tensions between the staff of the City library and Defendant Richard. SACEA and its members employed by the library had protested to City management regarding Richard's conduct, including assertions that Richard mismanaged the library department and treated employees in an abusive and intimidating manner, and that Richard's conduct was having an adverse effect on service to the public.
 
 
 6
 At an October 1, 1990, public meeting of the Santa Ana Council, SACEA President Eddie Bentley ("Bentley") spoke up about the lack of communication between library staff and the Library Director and a lack of confidence in the Library Director. Bentley requested that the Council direct the City Manager to investigate circumstances causing library staff members to work in fear of their jobs. Mayor Young requested the City Manager to investigate and provide a status report to the Council within two weeks.
 
 
 7
 Two weeks later, pursuant to a request from Bentley, Lambert addressed the Council at a public meeting during the public comment period. The proceedings were televised via cable to approximately 20,000 homes in the city.
 
 
 8
 In her remarks, Lambert communicated to the Council her belief and the belief of many of her fellow workers that Library Director Richard was mismanaging the City's libraries and that his conduct was causing great damage to the public, the library, and the library's employees.
 
 
 9
 On or about November 2, 1990, Defendant Richard issued to Lambert a letter of reprimand "for insubordinate action taken by you at an evening session of the City Council and for not utilizing established procedures for a grievance." The reprimand accused Lambert of making insubordinate statements when she criticized Richard in her remarks to the City Council and stated that the letter would be placed in Lambert's personnel file.
 
 
 10
 SACEA, through counsel, protested the letter of reprimand by a letter to City Manager Ream dated November 12, 1990. SACEA demanded that the letter of reprimand be withdrawn and that Richard be disciplined for violating Lambert's constitutional and statutory rights to speak, petition and engage in union activity.
 
 
 11
 The letter of reprimand was not rescinded. SACEA filed a complaint against the City, Richard, and Ream, seeking declaratory and injunctive relief for violations of the First and Fourteenth Amendments to the United States Constitution.
 
 
 12
 The district court granted SACEA partial summary judgment finding that the City had violated Lambert's First Amendment rights, granted SACEA declaratory and injunctive relief, holding that: "City of Santa Ana has no right to discipline and is therefore enjoined from disciplining City employees for speeches that they make to the City Council which are a matter of public concern."
 
 
 13
 Subsequently, a two-day jury trial was held on damages. In final argument, Lambert's counsel asked the jury for $100,000 compensatory and $25,000 punitive damages. Lambert was awarded $10,000 in compensatory damages against the City and $20,000 in punitive damages against Richard. The Complaint had no specific amount as a request for damages.
 
 
 14
 SACEA filed a motion for attorney's fees. The district court awarded attorney's fees finding that the Plaintiffs prevailed and their success was more than a technicality. The court found that SACEA's time records were insufficiently specific and reduced the number of attorney hours by 15%, reducing the attorney's fees award from the requested $87,491.50 to $80,178.10.
 
 ISSUE ON APPEAL
 
 15
 1. Did the district court abuse its discretion by not substantially reducing its award of attorney's fees because the jury awarded Lambert only 24% of the damages she requested in final argument?
 
 DISCUSSION
 
 16
 Appellants would completely ignore the injunctive and declaratory relief obtained by the Appellees. Their only argument is that the Appellees should have sought attorney's fees after the district court granted them partial summary judgment on the issue of the First Amendment violation instead of amending the complaint to seek general and punitive damages.
 
 
 17
 Appellants rely on Farrar v. Hobby, 506 U.S. 103 (1992) in support of their argument that because Lambert was awarded 24% of the total damages she requested, the court should have reduced the requested attorney's fees to 24% of the requested amount. Farrar does not support Appellants' argument. In Farrar, the Farrars sued for $17 million in money damages; the jury gave them nothing. No money damages. No declaratory relief.
 
 
 18
 "Nothing.... [T]he Farrars did succeed in securing a jury-finding that Hobby violated their civil rights and a nominal award of one dollar. However, this finding did not in any meaningful sense 'change the legal relationship' between the Farrars and Hobby. Nor was the result a success for the Farrars on a 'significant issue that achieve[d] some of the benefit the [Farrars] sought in bringing suit.' When the sole relief sought is money damages, we fail to see how a party prevails by winning one dollar out of the $17 million requested."
 
 
 19
 Farrar, 506 U.S. at 107-108 (quoting Farrar v. Cain, 941 F.2d 1311, 1315 (1991) (quoting Texas State Teachers Assn. v. Garland Indep. School Dist., 489 U.S. 782, 791-792 (1989)).
 
 
 20
 The district court rejected the Appellants' argument that the request should be sharply reduced because of Lambert's limited financial success and held that its decision in Appellees' favor on the First Amendment violation issue was more than just a mere technicality. This result was on a significant issue that achieved some of the benefit the Appellees sought in bringing suit.
 
 
 21
 Appellants' argument that the Appellees' motivation in filing this action was to seek compensatory and punitive damages and that the award of attorney's fees should be based only on the percentage of success they had in obtaining these damages is not supported by the record. In addition to the actual and punitive damages award, Appellees actually obtained injunctive and declaratory relief on the First Amendment issues and the district court held that the City of Santa Ana had no right to discipline, and therefore, enjoined the City from disciplining city employees for speeches that they make to the City Council which are matters of public concern. "Indeed, 'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.' " Farrar, 506 U.S. at 114 (citing Hensley v. Eckerhart, 461 U.S. 424, 436 (1983)).
 
 
 22
 The district court did not abuse its discretion by refusing to reduce the award to 24% of the damages requested of the jury. The district court's Judgment is affirmed.
 
 
 
 [1]
 Honorable Alfredo C. Marquez, Senior U.S. District Judge for the District of Arizona, sitting by designation
 
 
 [2]
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3